ORIGINAL
*2707

**Craig A. Crispin, OSB No. 82485**
crispin@employmentlaw-nw.com
**Shelley D. Russell, OSB No. 94068**
shelley@employmentlaw-nw.com
CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770
Telefax:  503-293-5766

**Robert C. Robertson, OSB No. 661038**
2boblaw@integra.net
1175 East Main St., Suite 1F
Medford, OR 97504
Telephone: 541-772-3442
Telefax: 541-772-2390
        Of Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON
### Medford Division

| | |
|---|---|
| **LEOBARDO ESQUIVEL,** | Civil No.  11 - 3135 - PA |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | (42 U.S.C. § 2000e Title VII Sex Discrimination, Harassment, and Retaliation; ORS 659A.030; Sexual Assault and Battery; Intentional Infliction of Emotional Distress; Negligent Supervision and Retention) |
| **JUAN FLORES and GREGORIO RODRIGUEZ, individuals, and G.M.R., INC., an Oregon Corporation, dba SI CASA FLORES MEXICAN CUISINE,** | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

### NATURE OF THE ACTION

1.      This is an action under 42 U.S.C. §2000e, et seq., Title VII of the Civil Rights Act

of 1964, as amended by the Civil Rights Act of 1991, for violation of plaintiff's federal statutory

rights, to correct unlawful employment practices, to vindicate plaintiff's rights and the rights of

Page 1 – **COMPLAINT**

other employees to work in environments free from harassment and discrimination based on sex, and to make plaintiff whole. Plaintiff also seeks injunctive relief.

2.      Defendants engaged in a pattern and practice of disparate treatment of male employees, and of creating and maintaining a hostile work environment amounting to employment discrimination, and retaliated against plaintiff for complaining and resisting such environment.

3.      This is also an action for violation of Oregon state discrimination laws, ORS 659A.030, and common law claims pursuant to the court's supplemental jurisdiction.

PARTIES

4.      Plaintiff **LEO ESQUIVEL** is an individual resident of Oregon and, at all material times was an employee of defendants.

5.      Defendant **G.M.R., INC.**, ("**Si Casa**"), was and is an Oregon corporation, organized under the laws of the state of Oregon, operating a chain of restaurants in the state of Oregon under the assumed business name **SI CASA FLORES MEXICAN CUISINE**, and has continuously had and does now have more than 25 employees. At all material times relevant herein, defendant **SI CASA** was an employer within the meaning of 42 U.S.C. §2000e(b) and ORS 659A.001.

6.      At all material times, defendant **JUAN FLORES** was and is an owner/operator of defendant **SI CASA**, and was plaintiff's supervisor. At all material times, except as otherwise alleged herein, defendant **FLORES** was acting within the scope of his employment.

7.      At all material times, defendant **GREGORIO RODRIGUEZ** was an owner/operator of defendant **SI CASA**, and was its head management employee and chief operating officer, responsible for hiring, retaining, and terminating Si Casa' employees. At all material times, except as otherwise alleged herein, defendant **RODRIGUEZ** was acting within

Page 2 – **COMPLAINT**

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

the scope of his employment.

## JURISDICTION AND VENUE

8.      This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.

9.      The employment practices alleged herein were committed in the District of Oregon, Medford Division.

## PROCEDURAL REQUIREMENTS

10.     Plaintiff filed charges of unlawful employment practices with the Equal Opportunity Employment Commission and with the Oregon Bureau of Labor & Industries, Civil Rights Division.

11.     Plaintiff has satisfied all administrative prerequisites to the filing of the statutory claims contained in this action.

## FACTUAL ALLEGATIONS

12.     Plaintiff has been employed by defendant Si Casa as a waiter/server since 2008. Plaintiff has worked at all four Si Casa locations in and around Medford, Oregon.

13.     At the time of plaintiff's hire, plaintiff was assigned to work at the Biddle Road restaurant. Defendant Flores also worked at the Biddle Road location at the same time.

14.     Soon after plaintiff began working for defendants, plaintiff noticed defendant Flores engaging in inappropriate sexual touching of other employees near their genitals and on their buttocks. Plaintiff attempted to avoid working in close contact or alone with defendant Flores because of these observations.

15.     On numerous occasions in which plaintiff was unable to avoid working in close proximity to defendant Flores, defendant Flores slapped plaintiff's buttocks and attempted to grab his crotch.

Page 3 – **COMPLAINT**

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

16.     On one occasion, defendant Flores slapped plaintiff's buttocks three times, so hard that plaintiff suffered bruising. Plaintiff considered going to the hospital to have the bruises examined, but was afraid of being terminated. Plaintiff told Flores: "Do not hit me any more." In response, Flores laughed at plaintiff. Defendant Flores continued to engage in unwanted touching of plaintiff's buttocks in spite of plaintiff's objections.

17.     On numerous occasions, defendant Flores asked plaintiff for sexual favors, telling plaintiff, "I would like to suck your dick," and other sexually suggestive comments. When plaintiff told Flores that he was not into that sort of activity, defendant Flores said, "Well, if you do this then you would have a better schedule and better hours and make more money." Defendant Flores bragged that he was having sex with several employees and had been for many years. Defendant Flores continued to make unwelcome sexual overtures to plaintiff in spite of plaintiff's objections.

18.     After plaintiff objected to defendant Flores' unwelcomed sexual conduct, defendant Flores cut plaintiff's hours by 15 to 20 hours per week as punishment.

19.     Defendant Flores' co-owner, Gregorio Rodriguez, observed defendant Flores' sexually harassing behavior towards plaintiff and others on numerous occasions, but did nothing to stop or deter defendant Flores' conduct.

20.     When other employees complained about defendant Flores' sexually harassing behavior, defendant Flores transferred them to other Si Casa locations where they would earn less money. Defendant Flores said,"They can't do anything to me because I have power and money over them." Employees who went along with defendant Flores' sexual conduct received better schedules and favorable treatment. Defendant Flores' conduct and Gregorio Rodriguez' conduct deterred plaintiff from making formal complaints about the sexual harassment and sexual battery engaged in by Flores.

Page 4 – **COMPLAINT**

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

21.     Defendant Flores' conduct was open and obvious, and was observed by all management employees of Si Casa.  No one in management took any action to stop or deter the sexual harassment.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT G.M.R., INC.**

**(Violations of 42 U.S.C. §2000e-17 - Sexual Harassment)**

22.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 21 above.

23.     Defendants discriminated against plaintiff in the terms, conditions or privileges of employment due to plaintiff's sex as prohibited by 42 U.S.C. §2000e-17.

24.     Defendants' sexual conduct was sufficiently severe and/or pervasive to alter the terms and conditions of plaintiff's employment and create a hostile and abusive working environment.

25.     Defendants failed and refused to take appropriate action to prevent and promptly correct the discriminatory treatment of plaintiff.

26.     Plaintiff is entitled to an order declaring defendant in violation of the statutory rights of plaintiff as set forth in this complaint and to such injunctive relief as the court finds appropriate to cause defendants to stop their violations of law and disregard of the statutory rights of employees.

27.     As a result of the unlawful actions alleged herein, plaintiff suffered and continues to suffer severe emotional injury and loss of enjoyment of life.  Plaintiff is entitled to noneconomic damages sufficient to compensate him for his noneconomic injuries in such amount as may be found appropriate by a jury based on the evidence presented at trial.

28.     As a result of the unlawful actions alleged herein, plaintiff has suffered economic damages. Plaintiff is entitled to recover his lost wages, past and future, lost earning capacity, and

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

other economic damages incurred in connection with his injuries caused by the actions alleged herein in such amount as may be awarded by a jury based on the evidence presented at trial.

29.    The conduct of defendant Flores was an intentional violation of, or in reckless disregard for, plaintiff's federally protected rights.  Such conduct exceeds the bounds of social toleration and is of a sort that would be deterred by an assessment against defendants of punitive damages in such amount as may be assessed by a jury based on the evidence presented at trial.

30.    Plaintiff is entitled to recover his reasonable attorneys fees and costs incurred herein, pursuant to 42 U.S.C. § 1988.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT G.M.R., INC.

### (Violations of 42 U.S.C. §2000e-17 - Retaliation)

31.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 30 above.

32.    Defendants' retaliation against plaintiff for complaining of unlawful discrimination as alleged herein violates 42 U.S.C. §2000e-17.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT G.M.R., INC.

### (Violations of ORS 659A.030 - Sex Discrimination)

33.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 21 and 24 through 28 above.

34.    Defendants' maintenance of a sexually hostile and discriminatory working environment as alleged herein constitutes an unlawful employment practice in violation of ORS 659A.030.

35.    Defendant's acts as described herein were an intentional disregard of the rights of plaintiff, in reckless disregard of defendant's societal obligations, and committed with conscious indifference to the health, safety and welfare of plaintiff.  Defendant should be assessed punitive

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

damages in such amount as may be found appropriate by a jury based on evidence presented at trial to punish defendant and to deter defendant and others from similar conduct in the future.

36.     Plaintiff is entitled to recover his reasonable attorney fees and costs, and expert witness fees and costs, pursuant to ORS 659A.885 and ORS 20.107.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT G.M.R., INC.

### (Violations of ORS 659A.030 - Retaliation)

37.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 21, 24 through 28, and 34 through 36 above.

38.     Defendants retaliated against plaintiff in response to his complaints of and opposition to the sexual harassment and sexually hostile working environment to which he was subjected in violation of ORS 659A.030(1)(f).

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS FLORES & G.M.R. INC.

### (Sexual Battery)

39.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, 12 through 21, 24 through 27, and 35 above.

40.     Defendant Flores' conduct as described herein demonstrated an intent to cause a harmful or offensive and insulting contact with plaintiff, and/or intended to place plaintiff in apprehension of offensive contact.

41.     Defendant Flores' conduct as described herein was perceived by plaintiff as harmful, offensive and insulting, and plaintiff was placed in fear or apprehension of offensive contact and harm by defendant Flores.

42.     Defendant Flores' offensive physical contacts with plaintiff were performed in the course and scope of his employment with defendant Si Casa, and were known by Si Casa.

43.     As a result of the unlawful actions alleged herein, plaintiff suffered physical pain

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

and injury, and suffered and continues to suffer severe emotional distress, mental pain and anguish, humiliation, and loss of enjoyment of life. Plaintiff is entitled to noneconomic compensatory damages sufficient to compensate him for his emotional pain and suffering and other noneconomic losses, in an amount found appropriate by a jury.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS FLORES & G.M.R. INC.

### (Intentional Infliction of Emotional Distress)

44.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, 12 through 21, 24 through 27, 35, and 40 through 43 above.

45.    Defendant Flores committed the acts alleged herein intentionally to cause plaintiff to suffer severe emotional harm or under circumstances in which it was substantially certain he would suffer such harm.

46.    Defendant Flores' acts alleged herein were performed in the course and scope of his employment with defendant Si Casa, and were known by Si Casa.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS G.M.R., INC. & RODRIGUEZ

### (Negligent Supervision and Retention)

47.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 9, 12 through 21, 24 through 28, 35, 40 through 43, 45 and 46 above.

48.    Defendant Rodriguez and Si Casa's management employees were at all times aware of defendant Flores' sexually harassing conduct toward plaintiff and other employees.

49.    Defendants knew or should have known that defendant Flores would engage in sexually discriminatory, offensive and abusive conduct with plaintiff in the workplace, and that it was reasonably foreseeable that defendant Flores' conduct would harm plaintiff.

50.    Because of their knowledge of defendant Flores' dangerous propensities, defendants had a duty to plaintiff to prevent defendant Flores' from harming plaintiff.

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

Defendants failed to protect plaintiff from harm by defendant Flores.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the Court to:

1.     Declare defendants in violation of the statutes set forth in plaintiff's claims for relief;

2.     Award plaintiff compensation for his lost past wages and benefits of employment and lost earning capacity and future earnings and benefits;

3.     Order defendants to make plaintiff whole by providing compensation for noneconomic losses in amounts as are awarded by the jury;

4.     Assess punitive damages against defendants in such amount as found appropriate by a jury;

5.     Award plaintiff his costs of suit and reasonable attorney fees, costs, and expert witness fees;

6.     Order defendants to pay prejudgment interest and postjudgment interest on all amounts due to plaintiff as a result of this action, with interest at the prevailing rate; and

7.     Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

CRISPIN EMPLOYMENT LAWYERS

By: _____
Craig A. Crispin, OSB № 82485
Of Attorneys for Plaintiff

Page 9 – COMPLAINT

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770